

FILED

03/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0069

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0069

DON DANIELS, as Conservator of the Estate of
SARAH DANIELS,

Plaintiff and Appellee,

v.

GALLATIN COUNTY, RICK BLACKWOOD
and JOHN DOES I-V,

Defendants

ATLANTIC SPECIALTY INSURANCE
COMPANY,

Defendant and Appellant.

FILED

MAR 0 9 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Appellee Don Daniels, as Conservator of the Estate of Sarah Daniels, has moved to dismiss this appeal. Appellant Atlantic Specialty Insurance Company (ASIC) opposes Daniels's motion. ASIC has also moved to stay this appeal, which Daniels opposes.

This action involves a negligence action against Gallatin County. ASIC provided insurance coverage to the County at that time. On September 22, 2020, the Eighteenth Judicial District Court entered a Memorandum and Order re Cross Motions for Partial Summary Judgment on Count I of the Amended Complaint in which it granted partial summary judgment in Daniels's favor and denied ASIC's cross-motion for summary judgment, ruling that ASIC could not rely on the statutory cap of $750,000 found in § 2-9-108(1), MCA, because the exception provided for in § 2-9-108(3), MCA applied. On September 29, 2020, the District Court entered an Order Re: Count III that dismissed without prejudice Count III of Daniels's Amended Complaint, which had raised an as-applied constitutional challenge to § 2-9-108, MCA.

On October 22, 2020, ASIC filed a Notice of Appeal with this Court, under our Cause No. DA 20-0516. ASIC stated within the Notice that it was appealing from these Orders, although it acknowledged that it had filed a Motion to Alter or Amend under M. R. Civ. P. 59(e) in the District Court that the court had not yet ruled upon, and that these Orders were not certified as final under M. R. Civ. P. 54(b).

Daniels moved to dismiss that appeal, arguing the appeal could not be taken because the Orders are interlocutory and not certified as final for purposes of appeal as provided by M. R. Civ. P. 54(b). In response, ASIC argued that, rather than dismissing this appeal, this Court should stay the appeal until the issues are ripe. We were unpersuaded by ASIC's argument and dismissed the appeal, holding that the District Court's Orders were interlocutory and as such, without Rule 54(b) certification from the District Court, they were not properly before this Court on appeal.

On February 16, 2021, ASIC again filed a Notice of Appeal regarding the same District Court orders. Again, the orders have not been certified for appeal pursuant to M. R. Civ. P. 54(b). However, ASIC asserted that because its Motion to Alter or Amend under M. R. Civ. P. 59(e) had been deemed denied, it believed that this had triggered the time for appeal under M. R. App. P. 4(5)(a)(iv)(E). While ASIC acknowledges that the District Court's orders are not final orders and that they are not certified as final under M. R. Civ. P. 54(b), ASIC again argues that the Court should stay this appeal and deem it filed when the District Court enters its final judgment in this case.

In our dismissal of DA 20-0516, we found ASIC's reliance on M. R. App. P. 4(5) to be misplaced. We explained,

> M. R. App. P. 4(5)(a)(ii) provides, "A notice of appeal filed after the announcement of a decision or order, but before either entry of the written judgment or order from which the appeal is taken or service of the notice of entry of judgment, shall be treated as filed on the day of such entry." Here, the written order from which the appeal is taken has been entered. M. R. App. P. 4(5)(a)(iv)(E) applies to situations in which a party filed a motion for relief under M. R. Civ. P. 60(b), and such has not occurred here.

2

Our reasoning remains valid here. ASIC has not moved for relief under M. R. Civ. P. 60(b) and therefore M. R. App. P. 4(5)(a)(iv)(E) does not apply.

ASIC further argues that although its appeal may be premature, this Court should not dismiss it but should instead stay it until the District Court matter concludes. ASIC argues that the Court has such authority under M. R. App. P. 4(5)(a)(ii). It points to *Hilten v. Bragg*, DA 09-0340, Order (July 13, 2009), and contends that the present case presents an identical procedural situation. However, *Hilten* is readily distinguishable. In that case, Appellants filed their notice of appeal after the trial court granted summary judgment to appellees but prior to the entry of final judgment and this Court determined to treat the appeal as filed on the day of entry of final judgment rather than dismissing it. In this case, ASIC is attempting to appeal interlocutory orders without M. R. Civ. P. 54(b) certification. As such, these Orders are not properly before this Court on appeal.

IT IS THEREFORE ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Appellant's Motion for Stay is DENIED as MOOT.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this _9th_ day of March, 2021.

3

_____
Justices

4